UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILLER BROS., a division of WAMPOLE-MILLER, INC., | : <br> : <br> : |
| Petitioner, | : <br> : |
| v. | : Civil Action No. <br> : |
| RECOM CORP. and RECOM AG, | : <br> : |
| Respondents. | : <br> : |

**VERIFIED PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner Miller Bros., a Division of Wampole-Miller, Inc. ("Miller Bros."), by and through its undersigned attorneys and as and for its Petition to Confirm Arbitration Award against Respondents Recom Corp. and Recom AG, hereby avers as follows:

**INTRODUCTION**

1. Pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, Miller Bros. petitions this Court to confirm the award of the arbitration panel in the arbitration captioned as *Miller Bros., a Division of Wampole-Miller, Inc. v. Recom, Corp., including its parents, successors, affiliates and assigns*, American Arbitration Association, Case No. 01-14-0002-0048 (the "Arbitration").

**II. THE PARTIES**

2. Miller Bros. is an electrical contractor and a Pennsylvania corporation formed under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 301 Alan Wood Road, Conshohocken, Pennsylvania 19428.

3. Recom Corp. is a vendor of solar photovoltaic panels and, upon information and belief, a Delaware corporation formed under the laws of the State of Delaware with a principal place of business in the United States located at 101 California Street, Suite 2710, San Francisco, California 94111.

4. Upon information and belief, Recom AG is a corporate affiliate of Recom Corp. and a foreign corporation organized under the laws of Germany with its principal place of business located at Hans Fleissner Str. 80, Airport, Frankfurt Egelsbach, D-63329, Egelsbach, Germany.

5. Recom Corp. and Recom AG are referred to collectively herein as the "Recom."

### III.  VENUE AND JURISDICTION

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it is between citizens of different States and/or between a citizen of a State and a subject of a foreign state and the matters in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Venue is proper in this district pursuant to 9 U.S.C.A. § 9 because the arbitration award that Miller Bros. seeks to confirm was made in this district.

### IV.  FACTUAL BACKGROUND

*The Arbitration Agreement*

8. Miller Bros. and Recom are parties to a Solar Module Supply Agreement dated June 5, 2014 ("Supply Agreement"). A true and correct copy of the Supply Agreement is attached hereto as Exhibit A.

9. Section 30 of the Supply Agreement provides, in pertinent part, as follows:

DISPUTE RESOLUTION

a) In the event of any dispute arising under this Agreement, within ten (10) Days following the receipt of a written notice of such dispute, the Vendor and Contractor shall meet, negotiate and attempt, in good faith, to resolve the dispute quickly, informally and inexpensively.  If the Parties are unable to resolve a dispute arising hereunder within thirty (30) days of initiating such discussions, or within forty (40) Days after notice of the dispute, Vendor or Contractor may submit the dispute for arbitration before [the] American Arbitration Association in Trenton, New Jersey by three arbitrators appoint in accordance with the corresponding rules of arbitration.  The arbitration shall be conducted in English.  The award through arbitration shall be come final and binding on the Parties, and the Parties agree to waive any right of appeal against the arbitration award.

10. In or about August and September of 2014, Miller Bros. and Recom attempted to resolve a dispute that arose under the terms of the Supply Agreement.  They were unable to do so.

11. Given the parties' inability to resolve their dispute, Miller Bros. filed a demand for arbitration pursuant to Section 30 of the Supply Agreement.

*Procedural History*

12. On November 20, 2014. Miller Bros. filed and served a short-form Demand for Arbitration with the American Arbitration Association ("AAA") against "Recom, Corp., its parents, successors, affiliates and assigns."  A true and correct copy of the Demand for Arbitration is attached hereto as Exhibit B.

13. Upon information and belief, on December 8, 2014, the AAA conducted an administrative conference call with the Parties' then-existing counsel and representatives.

14. On January 21, 2015, Miller Bros. filed and served a Detailed Statement of Claim. A true and correct copy of the Detailed Statement of Claim is attached hereto as Exhibit C.

15. In or about February, 2015, the Parties appointed a panel of three arbitrators ("Panel").

16. On April 14, 2015, the Panel held a preliminary hearing conference call with the Parties' counsel.

17. On May 26, 2015, Recom filed an Answer and Defenses to Claimant's Claim ("Answer"). A true and correct copy of the Answer is attached hereto as Exhibit D. Although the Answer included a counterclaim, the Panel subsequently entered an order prohibiting the prosecution of the counterclaim because Recom failed to pay any AAA fees or deposits as required. *See* Order Granting in Part and Denying Part Claimant's Applications to Compel Depositions and for Other Relief (attached hereto as Exhibit E).

18. On December 1 and 2, 2015, the Panel conducted evidentiary hearing sessions.

19. On January 15, 2016, the Parties submitted post-hearing briefs to the Panel.

20. On February 9, 2016, the Parties presented closing oral arguments to the Panel during a telephonic conference.

21. On March 10, 2016, the Panel issued an Award. A trued and correct copy of the Award is attached hereto as Exhibit F.

22. On March 21, 2016, Recom filed a Request for Modification of the Tribunal's Award ("Request for Modification").

23. After considering written submissions by the Parties addressing the issues raised by Recom's Request for Modification, the Panel issued a Disposition of Application for Modification of Award on April 20, 2014 in which it agreed to reduce the total amount of the Award to $1,794,420.91. In all other respects, the Panel reaffirmed the Award dated March 10,

2106.  A true and correct copy of the Panel's Disposition of Application for Modification of Award is attached hereto as Exhibit G.

### *The Arbitration Award*

24. On March 10, 2016, the Panel issued its Award.

25. The Award states, in relevant part, as follows:

> 1) The undersigned hereby awards in favor of Miller Bros. and against Recom and its parents, successors, affiliates and assigns, jointly and severally, the sum of $1,807,834.26 as and for actual damages suffered by Miller Bros. by reason of Recom's breach of the Parties' Supply Agreement, and Recom is hereby directed to pay that amount to Miller Bros. forthwith.
>
> 2) The undersigned hereby awards in favor of Miller Bros. and against Recom and its parents, successors, affiliates and assigns, jointly and severally the sum of $5,386.30 as and for prejudgment interest on the foregoing actual damages, calculated from January 1, 2015 to the date of this award, and Recom is hereby directed to pay to Miller Bros. forthwith the amount of prejudgment interest hereby awarded.
>
> 3) The undersigned hereby awards in favor of Miller Bros. and against Recom and its parents, successors, affiliates and assigns, jointly and severally the sum of $36,878.75 representing one-half of the amount of AAA fees and expenses incurred and paid by Miller Bros. in . . . connection with this proceeding, and Recom is hereby directed to pay said amount to Miller Bros. forthwith.
>
> Accordingly, Recom and its parents, successors, affiliates and assigns, jointly and severally, shall pay to Miller Bros. the total awarded amount of $1,850,099.31.

*See* Exhibit F at p. 29.

26. On April 20, 2016, the Panel reduced the total amount of the Award to $1,794,420.91. In all other respects, the Panel reaffirmed the Award dated March 10, 2106. *See* Exhibit G.

27. Since April 20, 2016, the Award has not been vacated, modified, or corrected as prescribed in Sections 10 and 11 of the FAA and therefore should be confirmed. *See* 9 U.S.C. §§ 10, 11.

## V. **CONFIRMATION OF ARBITRATION AWARD**

28. The arbitration agreement that is the subject of this action is a contract evidencing a transaction involving commerce, and therefore the Federal Arbitration Act ("FAA") governs an action to confirm the arbitration award.

29. Section 9 of the FAA, 9 U.S.C. § 9, provides, in pertinent part, that "at any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."

30. Miller Bros. is a party to the arbitration.

31. A copy of the Arbitration Award rendered by the Panel is attached hereto as Exhibits F and G.

32. In their arbitration agreement, the Parties provided that "[t]he award through arbitration shall become final and binding on the Parties, and the Parties agree to waive any right of appeal against the arbitration award." *See* Supply Agreement at Section 30 (Exhibit A).

33. Since April 20, 2016, the award has not been "vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA.

34. The award was rendered within one year of the date on which this action was commenced.

**WHEREFORE**, Miller Bros. hereby petitions and requests as follows:

A.     that the Court confirm the Arbitration Award;

B.     that the Court enter judgment against Recom Corp. and Recom AG, jointly and severally, in the amount of $1,794,420.91, plus post-judgment interest in the amount of 0.25% per annum from March 10, 2016 until such time as the Award is satisfied in full;

C.     that the Court retain jurisdiction over this matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing the Judgment and/or any further Judgments that may be issued; and

D.     that the Court grant Miller Bros. such other and further relief as it deems just and equitable.

By:     s/ *Lauren A. Isaacoff*
Lauren A. Isaacoff
BUCHANAN INGERSOLL & ROONEY, P.C.
1290 Avenue of the Americas – 30th Floor
New York, NY 10104-3001
Tel: 212-440-4480
Fax: 212-440-4401
lauren.isaacoff@bipc.com

and *Of Counsel* (to be admitted *pro hac vice*)

Joseph A. Dougherty
Paul J. Greco
BUCHANAN INGERSOLL & ROONEY, P.C.
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Tel:  (215) 665-5362/3814
Fax:  (215) 665-8760
joseph.dougherty@bipc.com
paul.greco@bipc.com

*Counsel for Plaintiff Miller Bros.-*
*A Division of Wampole-Miller, Inc.*

Dated:  May 2, 2016

## VERIFICATION

I, Harry B. Miller III, hereby verify as follows:

1. I am the President of Petitioner Miller Bros., a Division of Wampole-Miller, Inc.

2. I have read the foregoing Petition and know the contents thereof.

3. The allegations set forth in the Petition are true to my knowledge, except as to the allegations stated to be based upon information and belief, and as to those matters, I believe them to be true following a reasonable investigation.

4. I verify under penalty of perjury that the foregoing is true and correct.

Dated: May 2, 2016

Harry B. Miller III