# Hogan Lovells

Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

June 17, 2016

**By ECF**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

Re:   *Miller Bros. v. RECOM Corp. et al.*, Civil Action No. 16-cv-03260 (PGG) (HBP)

Dear Judge Gardephe:

This firm represents Respondent RECOM Corp. ("RECOM") in the above proceeding.[1]

We write, pursuant to Rule 4.A of your Individual Rules, to request a pre-motion conference in connection with an anticipated motion, pursuant to Fed. R. Civ. P. 12(b)(2) and Rule 12(b)(3), to dismiss the Verified Petition to Confirm an Arbitration Award (the "Petition") filed on May 2, 2016 by Petitioner Miller Bros. ("Miller Bros."). The motion is opposed by Miller Bros.

## Introduction

The Petition lacks <u>any</u> allegations regarding personal jurisdiction over RECOM, which is a well-established prerequisite for confirmation of an award. For that reason alone, the Court should dismiss the Petition. Even if the Court looks beyond the failure to include any personal jurisdiction allegations in the Petition, the facts discussed below show that there is no basis in this case for an assertion of either general or specific personal jurisdiction over RECOM. Instead, the parties expressly consented to personal jurisdiction in New Jersey federal court, and RECOM recently filed a petition to vacate the underlying arbitration award in the District of New Jersey (the "New Jersey Action"). Given that there is clearly jurisdiction in New Jersey and a lack of jurisdiction in New York, the Court should dismiss the Petition so the issues may be resolved in the New Jersey Action.

---

[1]   This letter is submitted on behalf of RECOM only and not on behalf of Respondent RECOM AG, which is a separate entity. RECOM is unaware of any service of the Petition on RECOM AG.

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Abu Dhabi  Alicante  Amsterdam  Baltimore  Beijing  Berlin  Brussels  Caracas  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Madrid  Miami  Milan  Moscow  Munich  New York  Northern Virginia  Paris  Philadelphia  Prague  Rome  San Francisco  Shanghai  Silicon Valley  Singapore  Tokyo  Ulaanbaatar  Warsaw  Washington DC  Associated offices: Budapest  Jakarta  Jeddah  Riyadh  Zagreb. For more information see www.hoganlovells.com

Hon. Paul G. Gardephe                           - 2 -                                June 17, 2016

This District is also an improper venue. Consistent with their unambiguous consent to personal jurisdiction in New Jersey, the parties agreed that the courts of New Jersey shall have <u>exclusive</u> jurisdiction over any court proceedings between them. Such proceedings include any petition to confirm or vacate an arbitration award. Where, as in this case, the parties have agreed on an exclusive jurisdiction for post-arbitration proceedings, Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, states that the parties' choice will control. Miller Bros. asserts that this District is the proper venue because the arbitral award was allegedly made here, but the making of the award is irrelevant when the parties have agreed upon a venue. Therefore, even if the Court were to find that there is personal jurisdiction over RECOM here (which Miller Bros. has not carried its burden of demonstrating), the Petition was filed in the wrong district and should be dismissed. Moreover, a dismissal of the case is the proper remedy here — rather than a transfer — because the Court does not have personal jurisdiction over RECOM and RECOM has already commenced a vacatur proceeding in the New Jersey Action.

## Factual Background

### I.    The Supply Agreement and Related Arbitration

RECOM is a vendor of photovoltaic panels and a Delaware corporation with its principal place of business in San Francisco, California. (Pet., ¶ 3.) RECOM does not engage in any business amounting to substantial and continuous activity in New York. RECOM does not have any offices, employees, bank accounts or property in New York. RECOM has only made one delivery of goods to New York, which was in October 2015 in the amount of approximately $126,000 and was unrelated to this action. RECOM has not paid taxes to the State of New York.

Miller Bros. and RECOM entered into a Solar Module Supply Agreement dated June 5, 2014 (the "Supply Agreement"). (*See* Pet., Ex. A.)[2] The Supply Agreement relates to RECOM's delivery of photovoltaic solar modules to three of the Miller Bros. jobsites in New Jersey. (*See id.*, 1, 24-25.) Those sites are referred to throughout the Supply Agreement and they are the only locations at issue.

Because the work was to be performed in New Jersey, the Supply Agreement contains several clauses that refer to New Jersey law and New Jersey as the exclusive place for any dispute resolution. Section 23 designates New Jersey law as the applicable law, and it further states:

> Each Party accepts, generally and unconditionally, the exclusive jurisdiction of the aforesaid [New Jersey] state and federal courts. Each Party irrevocably waives any objection (including any objection based upon the grounds of "forum non conveniens") that it now or hereafter may have to the bringing or the prosecution of any such action or proceeding with respect to this Contract or the documents and instruments contemplated hereby in the State of New Jersey.

(*Id.*, 17.) Section 30 sets forth the dispute resolution mechanism, which requires arbitration before the American Arbitration Association ("AAA") after a period of informal negotiation. (*Id.*, 20.) Section 30 also establishes Trenton, New Jersey as the arbitral seat. (*Id.*)

---

[2]    The version of the Supply Agreement attached as Ex. A to the Petition is partially illegible. If the Court wishes, RECOM would be happy to provide an unsigned version that is easier to read.

On November 20, 2014, Miller Bros. filed a demand for arbitration with the AAA under Section 30 of the Supply Agreement. (*See* Pet., Ex. B, MB00000920.) Miller Bros. filed the demand in New Jersey, as required by Section 30. (*Id.*) In the Detailed Statement of Claim filed on January 21, 2015, Miller Bros. alleged that RECOM failed to deliver the solar panels to the sites in New Jersey. (*See* Pet., Ex. C.) There is no allegation in the Detailed Statement of Claim regarding any wrongdoing or activity by RECOM in New York.

An evidentiary hearing, post-hearing briefing and telephonic closing arguments took place from December 2015 through February 2016. (*See* Pet., ¶¶ 18-20.) The parties' submissions in the arbitration did not identify any alleged wrongdoing or activity by RECOM in New York. The arbitral tribunal issued an award (the "Award") on March 10, 2016 in favor of Miller Bros. in the amount of $1,850,099.31. (*See* Pet., Ex. F.) The tribunal thereafter reduced the total amount of the Award to $1,794,420.91. (*See* Pet., ¶¶ 22-23 and Ex. G.)

## II.     The New Jersey Action

On June 8, 2016, RECOM commenced the New Jersey Action by filing a petition to vacate the Award. The Award is subject to vacatur pursuant to 9 U.S.C. § 10 because the arbitrators — without due process — rendered an award against, and imposed joint and several liability on, parties that did not participate in the arbitration and had not signed the Supply Agreement.

## Grounds for Motion

### I.     The Court Lacks Personal Jurisdiction Over RECOM

The Second Circuit has held repeatedly that a district court may not confirm an arbitration award unless it has personal jurisdiction over the parties. *See, e.g.*, *Frontera Res. Azer. Corp. v. State Oil Co. of the Azer. Republic*, 582 F.3d 393, 397-98 (2d Cir. 2009). Moreover, as the petitioner, Miller Bros. bears the burden of alleging facts that establish personal jurisdiction. *See Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) ("A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit.") (internal quotation marks and citation omitted).

Miller Bros., however, makes no attempt to carry its burden. The Petition contains allegations of subject matter jurisdiction and venue (*see* Pet., ¶¶ 6-7), but it is devoid of any allegations regarding personal jurisdiction. Under the circumstances, the Court does not have to inquire any further and it may summarily dismiss the Petition for omitting allegations with respect to personal jurisdiction. *See, e.g.*, *Gaines v. Dickerson*, No. 15 CIV. 7173 (AMD), 2016 WL 1529896, at *2 (E.D.N.Y. Apr. 14, 2016) (dismissing complaint and noting that "the plaintiffs were silent on the issue of whether this court has personal jurisdiction over the defendant"); *Pablo Star Ltd. v. Welsh Gov't*, No. 15-CV-1167 (JPO), 2016 WL 1056590, at *4 n.3 (S.D.N.Y. Mar. 16, 2016), ("Because the Complaint contains no specific allegations related to the Pittsburgh Post-Gazette, Plaintiffs have failed to make a *prima facie* showing that this Court has personal jurisdiction over it. Accordingly, the motion to dismiss for lack of personal jurisdiction as to the Pittsburgh Post-Gazette is granted."), *reconsideration denied*, No. 15-CV-1167 (JPO), 2016 WL 2745849 (S.D.N.Y. May 11, 2016).

Even if the Court overlooks these pleading deficiencies, Miller Bros. cannot show that the Court has either general or specific personal jurisdiction over RECOM.

With regard to general jurisdiction, the U.S. Supreme Court held in *Daimler AG v. Bauman*, 571 U.S. ___, 134 S. Ct. 746 (2014), that courts may exercise such jurisdiction over corporations only when the companies are "at home" in the forum. *Id.* at 760-61; *see also Sonera Holding B.V. v. Çukurova Holding A.Ş.*, 750 F.3d 221, 224-25 (2d Cir. 2014) (*per curiam*) (applying *Bauman* to confirmation of arbitral award). The Supreme Court further held that, absent exceptional circumstances, corporations are "at home" in only two places: their state of incorporation and their principal place of business. 134 S. Ct. at 760. Here, there is no dispute that RECOM is a Delaware corporation with its principal place of business in California. (*See* Pet., ¶ 3.) Thus, RECOM is not "at home" in New York under the two-pronged *Bauman* test. Moreover, there are no exceptional circumstances here justifying a finding of general jurisdiction. As noted above, RECOM has no connection to New York, except for one delivery of goods. (*See supra*, 2.)

There is a similar lack of specific jurisdiction here. Specific jurisdiction exists in an action to confirm an arbitral award where the underlying claims arose out of an act committed in the forum at issue. *See, e.g., Sonera*, 750 F.3d at 225 ("Specific or conduct-linked jurisdiction … depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum state and is therefore subject to the State's regulation.") (quotation omitted). In this case, Miller Bros. initiated arbitration in New Jersey for an alleged failure by RECOM to perform contractual obligations relating to three sites in New Jersey. Miller Bros. did not allege in the arbitration that RECOM failed to perform in New York or that there was any other activity or occurrence relating to New York. To the contrary, the parties expressly recognized that any disputes would have a New Jersey nexus. In the Supply Agreement, the parties (1) selected New Jersey law as the applicable law for any arbitration and related litigation; (2) established New Jersey as the *situs* for arbitration; (3) consented to New Jersey as the exclusive forum for litigation; and (4) consented to personal jurisdiction in New Jersey. In short, the facts and allegations in the underlying arbitration have nothing to do with New York and everything to do with New Jersey.

II.     **This District Is the Improper Venue**

Miller Bros. alleges that: "Venue is proper in this district pursuant to 9 U.S.C.A § 9 because the award that [Miller Bros.] seeks to confirm was made in this district." (Pet., ¶ 7.) Miller Bros., however, incorrectly relies on the <u>second</u> sentence in Section 9 of the FAA, which applies only "if no court is specified in the agreement of the parties." 9 U.S.C. § 9. By contrast, the <u>first</u> sentence of Section 9 states that where, as in this case, the parties have specified a venue for post-arbitration proceedings, the parties' choice will govern. *Id.* Section 23 of the Supply Agreement expressly sets forth the state or federal courts in New Jersey as the <u>exclusive</u> venue and each party waived the right to object to New Jersey as an inconvenient forum.

The courts have enforced the parties' choice of the forum for post-arbitration proceedings. *See U.S. for Use of Fidelity and Deposit Co. of Maryland v. Suffolk Constr. Co.*, No. 96 CIV 2413(JFK), 2000 WL 10412, at *2 (S.D.N.Y. 2003) (noting parties specification of venue under Section 9); *see also Monte v. Southern Delaware County Auth.*, 321 F.2d 870, 872-73 (3d Cir. 1963) (same); *John Ashe Assocs., Inc. v. Envirogenics Co.*, 425 F. Supp. 238, 243 (E.D. Pa. 1977) ("Agreements to

limit entrance of judgment to a single forum are enforceable."). By the same token, if the parties have chosen an exclusive forum, the courts will dismiss petitions to confirm (or transfer the actions) that are brought in another jurisdiction. *See, e.g., Zeevi Holdings Ltd. v. Republic of Bulgaria*, No. 09 Civ. 8856(RJS), 2011 WL 1345155, at **4-9 (S.D.N.Y. Apr. 5, 2011) (dismissing petition), *aff'd*, 494 Fed. Appx. 110 (2d Cir. 2012); *First State Ins. Co. v. National Cas. Co.*, No. 13 Civ. 0704 (AJN), 2013 WL 5439143, at **3-6 (S.D.N.Y. Sept. 27, 2013) (transferring action). *Cf. D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 105 (2d Cir. 2006) (holding that venue was proper because of parties' designation of New York state or federal court as the proper fora).[3]

The Second Circuit has held that "where one party has shown an apparently governing forum-selection clause, the party opposing litigation in the so designated forum must make a strong showing to defeat that contractual commitment." *Asoma Corp. v. SK Shipping Co., Ltd.*, 467 F.3d 817, 822 (2d Cir.2006); *see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, __ U.S. ____, 134 S. Ct. 568, 583 (2013) ("When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place.")[4]

Miller Bros. has made no showing, let alone the requisite "strong showing," that the Court should disregard the forum selection clause here. Accordingly, the Court should enforce the exclusive provision in the Supply Agreement by finding that this District is an improper venue.

* * * * *

The Petition and this action should be summarily dismissed, with prejudice, for two, independent reasons: (1) the Court lacks personal jurisdiction over RECOM; and (2) the sole forum for enforcement proceedings is New Jersey.

Respectfully submitted,

*Pieter Van Tol*

Pieter Van Tol

cc:     Paul Greco, Esq. (by e-mail)

---

[3]     Although courts will often transfer cases to another forum, dismissal of the Petition is the proper remedy for the reasons stated above. (*See supra*, 2.)

[4]     The courts employ a four-part test to determine whether forum selection clauses are enforceable. *See Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007). An extended discussion of the *Phillips* test is not possible in this letter, but it focuses on whether the clause was known to all parties, is mandatory or permissive, and applies to the claims at issue. In this case, two sophisticated parties knew about, and bargained for, a mandatory forum selection clause that clearly applies to proceedings to enforce an arbitral award.